## Koppersmith v. The State.

### Indictment for Causing False Alarm of Fire.

*Giving or causing false alarm of fire by telegraph.* — To authorize a conviction "for giving, or causing to be given, a false alarm by the fire-alarm telegraph in the city of Mobile, knowing the same to be such" (Sess. Acts 1870-71, p.——), it is not necessary that the defendant should have caused the bells to be rung in the regular manner, which would have indicated the place of the fire, nor that the firemen should have been deceived by the false alarm, and induced by it to turn out with their engines. It is sufficient that he knowingly meddled with the wires, or other part of the telegraph apparatus, with the intention to cause a false alarm of fire, and did cause such false alarm.

FROM the City Court of Mobile.

Tried before the Hon. C. F. MOULTON.

The indictment in this case, which was found at the February term, 1874, contained two counts: the first charging that the prisoner "gave a false alarm by the fire-alarm telegraph in the city of Mobile, knowing the same to be such;" and the second that he "caused to be given" such false alarm. The indictment was founded on the act approved February 25, 1871, entitled "An act for the protection of the fire companies in the city of Mobile," the material portions of which are quoted in the opinion of the court. On the trial, as the bill of exceptions states, the prisoner requested the court to give the following charges to the jury, which were in writing, and were refused by the court.

"1. If the jury believe, from the evidence, that the alarm from box No. 18, the subject of the prosecution in this case, said to have been given on the night of the 17th January, 1874, was confused and unintelligible, it is not a 'false alarm' within the meaning of the act under which the indictment was found.

"2. To constitute a false alarm, within the meaning of said act, it must be a true and intelligible striking of an existing number of some one of the boxes of the fire-alarm telegraph, at a time when there was no fire, or reasonable cause to believe there was one, and with the intent to give such false alarm; and if the striking complained of was no such striking, then they ought to find for the defendant.

"3. The fire-alarm telegraph is used only for the purpose of giving alarms of fire; and when the act speaks of a false alarm, it means a false alarm of fire; and if the jury believe, from 'the evidence, that the ringing of the bell caused by the manipulation of box No. 18 did not give such an alarm as would cause the firemen to believe there was a fire in the city, then they must find the defendant not guilty."

The refusal of these charges, to which the defendant excepted, is now assigned as error.

[Koppersmith v. State.]

BOYLES & OVERALL, for the prisoner. — The act under which the indictment was found, as its title imports, was intended "for the protection of the fire companies of the city of Mobile;" and it must receive a reasonable construction to carry that intention into effect. It is, morever, highly penal, and must, therefore, be strictly construed. No reasonable construction can make out the offence from the facts proved. It was shown that the ringing of the bells from box No. 18 "was confused and unintelligible" — that no particular number was indicated — that the firemen were not misled by it, nor induced to run out their engines, nor put to any trouble or inconvenience whatever ; that it was not, in fact, a "false alarm."

BEN. GARDNER, Attorney General, for the State.

B. F. SAFFOLD, J.— The offence alleged in the indictment is declared by the first section of the act approved February 25, 1871, entitled "An act for the protection of the fire companies in the city of Mobile," which is in these words: "Be it enacted," &c., "That any person or persons giving, or causing to be given, a false alarm by the fire-alarm telegraph in the city of Mobile, knowing the same to be such, or who intentionally injures or defaces any portion of said fire-alarm telegraph, must be punished, on conviction, at the discretion of the jury, by fine and imprisonment in the county jail, for not less than six, nor more than twelve months, or by hard labor for the county for not more than one year."

The indictment charged, in one count, that the defendant "gave a false alarm by the fire-alarm telegraph in the city of Mobile, knowing the same to be such;" and in another that he caused the alarm to be given. The operation of the telegraph was explained to the court and jury. There was a chief bell, which sounded the alarm throughout the city, and was set in motion by a proper manipulation of any one of several boxes placed at the various buildings containing the fire-engines. This manipulation not only sounded that bell, but struck its own number on it, and on the apparatus attached to every other box, so that the firemen were apprised, not only of a fire, but also of its location or vicinity. The ringing of the bells at the time of the false alarm charged was also described by the witnesses, and some of the evidence tended to prove that the sounds made by it "were confused and unintelligible." Whoever tampered with box No. 18, on the occasion referred to, by applying pieces of wood under the wire, contrived that it should not strike its own number correctly, but should ring the chief bell, and perhaps those at the other boxes, continuously.

[Koppersmith v. State.]

The gist of the several charges asked by the defendant was, that a false alarm was not given, unless the signals were correctly made.

The consideration of all the charges asked may be included in a criticism of the third, which was in these words: " The fire-alarm telegraph is used only for the purpose of giving alarms of fire ; and when the act speaks of a ' false alarm,' it means a false alarm of fire ; and if the jury believe, from the evidence, that the ringing of the bell caused by the manipulation of box No. 18 did not give such an alarm as would cause the firemen to believe there was a fire in the city, then they must find the defendant not guilty." This is a very ingenious charge, and would be correct under some circumstances; but, construed in connection with the evidence in the case, we think it was properly refused. As the sounding of the bells betokened fire somewhere, their irregular ringing would increase the excitement and alarm of the citizens and firemen, from not knowing where the fire was. The indication of the place of the fire was secondary, and was devised to save time and prevent confusion. If the firemen, in consequence of having been frequently imposed on, had adopted a practice of not turning out until the signals were repeated, it only proves that any ringing of the fire-bells constituted an alarm of fire, and that they had learned somewhat to distinguish between a true alarm, given by a policeman, or some other authorized and reliable person, and a false alarm, given by mischievous meddlers. The defendant certainly cannot have the benefit of this caution of the firemen ; yet this is what the charge means, construed by the evidence. The practice into which the firemen had fallen was a bad one, causing injurious delay, for which the tamperers with the telegraph were responsible. The statute was designed to put a stop to this intermeddling, which can only be characterized as wicked. We cannot so construe the law as to make it inoperative against those persons who purposely gave the signals incorrectly. In returning a verdict of guilty, the jury were obliged, both by the indictment and the law, to find that the defendant knew he was giving false information of a fire. If he meant to do so, and used the ringing of a bell, exclusively devoted to that purpose, to carry out his intention, it is nothing to his advantage that the firemen were not deceived by him, especially if the reason why they were not was because they had been repeatedly deceived before. The several charges were properly refused.

The judgment is affirmed.